ISRAELITE HOUSE OF DAVID *v.* HANSEL.

1. APPEAL AND ERROR — MOTION TO DISMISS—REASONS NOT DISCUSSED ABANDONED.

Where, on reviewing an order granting a motion to dismiss an action at law, certain reasons urged by defendant in the court below in support of his motion are not discussed, they are treated as abandoned.

2. ABATEMENT AND REVIVAL—PENDENCY OF FORMER SUIT.

Under 3 Comp. Laws 1915, § 12456, pendency of a former suit in abatement of present suit may be raised by motion to dismiss.

3. APPEAL AND ERROR—CLAIM NOT SUPPORTED IS WITHOUT MERIT.

The claim that the present suit should be dismissed because a suit pending in the United States district court for the western district of Michigan has exclusive jurisdiction of the parties and of the cause of action is without merit in the absence of any showing before the court below or before this court supporting said claim.

4. SAME—CLAIMS NOT ARGUED TREATED AS WAIVED.

Where the trial judge did not base his order of dismissal on certain grounds alleging that the declaration stated no cause of action, defendant's failure to argue them may be treated as a waiver thereof.

5. TRESPASS—PLEADING—DECLARATION—SUFFICIENCY.

The declaration in an action of trespass on the case, *held*, to state a cause of action as to appellee.

6. APPEAL AND ERROR—DOCUMENTS NOT PROPERLY BEFORE THE COURT WILL NOT BE CONSIDERED.

If the trial judge, in granting appellee's motion to dismiss an action at law on the ground that it was an attempt to harass, impede, and intimidate attorney, witnesses, and parties in another suit, made an independent investigation of records and documents not in this case and not properly before him, it avails appellee nothing in this court.

Error to Berrien; Des Voignes (L. Burget), J., presiding.    Submitted April 16, 1924.    (Docket No. 80.)    Decided June 2, 1924.

Case by the Israelite House of David, a voluntary association, against John W. Hansel, Walter M. Nelson, and others for a conspiracy.    From an order granting a motion to dismiss as to defendant Nelson, plaintiff brings error.    Reversed.

*W. J. Barnard*, for appellant.

*Dilley, Souter & Dilley*, for appellee.

CLARK, C. J.    The Israelite House of David, a voluntary association, commenced an action in trespass on the case against Walter M. Nelson and many other defendants.    The declaration avers a conspiracy by and between defendants to slander, defame and blackmail plaintiff, and sets forth certain claimed collusive acts of defendants in furtherance of such conspiracy. Defendant Nelson, for himself and perhaps other of the defendants, filed a motion—

"to dismiss this cause and to quash all services of processes and papers in this cause for the following reasons.
    "(1) Because this court has no jurisdiction of the parties.
    "(2) Because this court has no jurisdiction of the subject-matter of said suit as disclosed by said declaration.
    "(3) Because the United States district court for the western district of Michigan, in equity, has exclusive jurisdiction of the parties and of this cause in a suit therein entitled, 'John W. Hansel *et al.*, Plaintiffs, *vs.* Benjamin Franklin Purnell, The Israelite House of David *et al.*, Defendants.'    (No. 1949.)
    "(4) Because the declaration in this cause states no cause of action in favor of the plaintiff and against the defendants, or any number or combination of them.

"(5) Because the declaration does not state a cause of action.

"(6) Because the declaration does not charge conspiracy, libel or slander.

"(7) Because said declaration charges no wrong on the part of the defendants or any of them, on which the voluntary association may maintain a suit.

"(8) Because this suit, and the services of process therein, is an unlawful attempt to harass, impede and intimidate an attorney-at-law, an officer of this court and of the Federal court, in the performance of his duty as such an officer.

"(9) Because this suit is an attempt to intimidate, harass and annoy necessary and material witnesses and parties in suits pending in the Federal court and in this court. .

"This motion is based on the files and records of this court in this cause, the declaration therein contained and on the files and records of other courts in other causes, as follows:"    *    *    *

Here follows a recital by title of certain causes as pending in the circuit court of Wayne county, the circuit court of Berrien county, and the United States district court for the western district of Michigan. The motion was granted as to Mr. Nelson.    The order granting the motion is based chiefly upon matter not shown to have been before the court upon either the declaration or the motion to dismiss.    Plaintiff brings error.

1 and 2. These reasons are not discussed, and are treated as abandoned.

3. Seemingly, appellee here relies upon the pendency of a former suit in abatement of this suit.    Formerly, the proper practice was to tender this issue by plea in abatement.    *Muir* v. *Kalamazoo Corset Co.,* 155 Mich. 624.    But under 3 Comp. Laws 1915, § 12456, this question may now be raised by motion to dismiss. *Pagenkoff* v. *Insurance Co.,* 197 Mich. 166; *Haney* v. *Trust Co.,* 221 Mich. 160.    The record does not disclose that there was properly before the trial court,

and there is not before this court, any showing in support of this contention.

"It is well said that it is necessary for the party seeking the abatement of the present action, by reason of the pendency of that already commenced, to plead and prove the connection of the former action to the same subject-matter; the relations of the parties to be the same as that in the case in which the plea is interposed, and that the relief sought is practically identical with that sought in the second action." *Reis* v. *Applebaum*, 170 Mich. 506, 516."

The record indicates a failure of defendants to comply with such requirements. This claim must be held to be without merit.

4, 5, 6, 7. The trial judge based his order of dismissal on none of these reasons. Appellant in its brief defends at length its declaration in this regard. Appellee does not argue any of such reasons. We may treat them as waived. Perhaps it should be said that the declaration states a cause of action as to appellee.

8 and 9. These are unsupported. Appellee's brief is devoted chiefly to a discussion of matter without the record, and which, it appears, was not properly before the trial court. If the trial judge made an independent investigation of records and documents, not in this case and not properly before him, as the record here seems to indicate, it avails appellee nothing here.

Appellee contends with much earnestness that this suit is a part of a counter offensive against suits brought by him as an attorney at law for clients against plaintiff herein, or certain of those interested in it, and that this action is prosecuted maliciously, with no foundation in fact, and to impede and harass him, his clients and their witnesses in the conduct of litigation. Even if that be true, we cannot aid appellee, for the contention is wholly unsupported here,

and, the record indicates, was equally without support in the trial court. Whether this matter could be raised by motion to dismiss, we need not determine.

The order is reversed, with costs to plaintiff. Defendant will have usual time to plead.

MCDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred. :