CALVERT v. CITY OF PONTIAC.

1. APPEAL AND ERROR—FINDING OF ADMINISTRATIVE BOARD—DIS-
CHARGE OF POLICE OFFICER—EVIDENCE.
   Finding of police and fire trial board that police officer sought
   to be discharged had made a false affidavit in which he stated
   he was not a member of a certain organization whose purposes
   were subversive to good morals and order *held,* supported by
   testimony taken at his trial before the board.

2. SAME—ABANDONMENT OF DEFENSES.
   Defense of *res judicata,* which was urged in court below but not
   discussed by party there urging it on other party's appeal to
   Supreme Court, is treated as having been abandoned.

3. JUDGMENT—RES JUDICATA—BURDEN OF PROOF.
   The defense of *res judicata* must affirmatively appear, the bur-
   den of proof being on the party urging it.

4. SAME—RES JUDICATA—BURDEN OF PROOF—EVIDENCE.
   Burden of proving defense of *res judicata* in proceedings to
   dismiss a city police officer *held,* not sustained under record
   presented.

Appeal from Oakland; George (Fred W.), J.,
presiding. Submitted January 10, 1939. (Docket
No. 70, Calendar No. 40,206.) Decided April 4,
1939.

Removal proceedings by City of Pontiac against
Floyd Calvert before the police and fire trial board.
Officer Calvert reviewed judgment of dismissal by
certiorari in circuit court. Judgment for Officer
Calvert. City of Pontiac appeals. Reversed.

*Howard I. Bond* and *Thomas P. Gillotte,* for
Officer Calvert.

*George A. Cram,* for City of Pontiac.

Butzel, C. J. ·Charges preferred against Floyd Calvert before the police and fire trial board of the city of Pontiac were similar in nature to those made against Sherry Mapley and Charles McMillan, opinions on appeal involving them having been filed this day (*Mapley* v. *City of Pontiac, ante,* 396; *McMillan* v. *City of Pontiac, post,* 404). An additional count was included against Calvert, charging him with making a false affidavit in which he stated that he was not a member of the Bullet Club, the Night Riders, the Black Shirts, Twenty-and Club, Black Legion, or auxiliaries thereof, but that he belonged to the Unknown Legion. The trial board found that this affidavit was untrue and that Calvert was a member of the Black Legion. It therefore discharged him. The finding was supported by the testimony taken at Calvert's trial before the board. It showed that he attended meetings of this organization where guns were displayed and the purposes of the organization were subversive to good morals and order.

The trial was somewhat informal. Calvert by his counsel made some vague claim that he was being put in double jeopardy, although the case was not a criminal one. We shall treat the defense as one of *res judicata.* Evidently Calvert had been tried and exculpated on some charges prior to the preferment of charges involved in the instant case. The circuit judge filed no opinion on certiorari and evidently paid no attention to the fact that the board found Calvert specifically guilty of making a false statement, contrary to the rules, regulations and manual of the police department. He informally stated that the case was ruled by the *Mapley* and *McMillan Cases,* and, therefore, granted certiorari, although the board had found Calvert specifically guilty of making a false statement and there was

testimony to substantiate this finding. On appeal to this court, the attorney for the trial board, appellant, discussed the question of *res judicata* in anticipation that appellee would make such a claim before this court. Appellee, however, filed no statement of questions involved nor did he discuss or answer the argument of appellant's counsel to the effect that the record does not set forth the charges that were made at the first trial of Calvert nor the testimony taken at the trial, nor does he argue the question of *res judicata.* This, of itself, could be taken as an abandonment of the defense. *Israelite House of David* v. *Hansel,* 227 Mich. 351.

While at the second trial Calvert referred to the charges made against him at the first trial, the record of these proceedings was not introduced by defendant, and he declined to take the witness stand on the ground of self-incrimination. The record on appeal to this court does not disclose what these charges were nor the testimony taken at the first trial. We glean from the record before us that at the first trial Calvert was accused of belonging to the Bullet Club or some kindred organization. At the second trial, he was accused of making a false statement. There is testimony to substantiate this latter charge. The defense of *res judicata* must affirmatively appear, the burden of proof being on the party urging such defense. *Hoffman* v. *Silverthorn,* 137 Mich. 60; *Gregor* v. *Olde,* 218 Mich. 187; *Palchi* v. *Robbins,* 272 Mich. 411. No such burden has been sustained by defendant here.

Much stress is laid by Calvert's attorney upon the majority opinion in *Wilson* v. *Council of the City of Highland Park,* 284 Mich. 96 (116 A. L. R. 352). That case involved a councilman elected for a term. The instant case involves an employee policeman, whose character must be above reproach and whose

truthfulness must be above suspicion. His veracity and integrity must be relied upon in the performance of his duties and the trial of criminal cases. The manual of the Pontiac police department distinctly provides that a member of the department found guilty of making a false statement will be subject to certain punishments, including dismissal. As the record substantiates the charge that Calvert made a false statement, the decision and order of the lower court is reversed and the order on certiorari therein entered is set aside.

The original order of the police and fire trial board dismissing Calvert from the department is affirmed. Appellant herein will recover costs.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.