ADMIRAL MERCHANTS MOTOR FREIGHT, INC v DEPARTMENT
OF LABOR

Docket No. 82190. Submitted October 2, 1985, at Detroit.—Decided
February 18, 1986. Leave to appeal applied for.

Petitioner, Admiral Merchants Motor Freight, Inc., employed
claimants, Allene Sanford, William Holland, and others. Claim-
ants were members of Teamsters Local 299 which was a party
with petitioner to the National Master Freight Agreement.
Petitioner ceased payments to the Central States, Southeast
and Southwest Areas Health and Welfare and Pension Funds.
The funds filed suit in federal district court in Minnesota. The
district court enjoined petitioner from failing to pay money due
to the funds. Petitioner obtained signed, individual wage and
fringe benefit concession agreements from claimants with the
exception of Sanford and Holland. Alleging a violation of the
collective bargaining agreement, union officials and a majority
of the local employees filed grievances on behalf of all employ-
ees and as individuals respectively. The grievance claims were
upheld in arbitration. When petitioner failed to comply with
the arbitration decision, claimants filed claims with the Depart-
ment of Labor under the wages and fringe benefits act. Unbek-
nownst to claimants, the International Teamsters Union filed
suit in federal district court in Minnesota on behalf of the
claimants' local and 14 other locals to enforce the grievance
awards. The teamsters, unbeknownst to claimants, settled the
suit after obtaining summary judgment. The arbitration panel
approved disbursement of the settlement proceeds only to those
grievants who had not signed concession agreements. The
Department of Labor, which also was unaware of the develop-
ments in Minnesota, concluded after an investigation that
except for the claims of Sanford and Holland, petitioner had
not acted in violation of Michigan law. Claimants challenged
the denial of their claims and petitioner challenged the uphold-
ing of Sanford's and Holland's claims. After a hearing, a
hearing officer ruled against petitioner and ordered it to pay

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 66, 1787-1792
See the annotations in the ALR3d/4th Quick Index under Labor
and Labor Relations § 3.

wages and fringe benefits due all claimants. On appeal to Wayne Circuit Court by petitioner, the circuit court, Robert J. Colombo, J., affirmed the hearing officer's decision. Petitioner appealed to the Court of Appeals. *Held:*

Claimants' causes of action based on their rights under the wages and fringe benefits act were not merged with the teamster's grievances under the collective bargaining agreement and their eventual settlement in the federal district court in Minnesota. Therefore, neither the doctrine of res judicata nor accord and satisfaction barred their claims.

Affirmed.

1. LABOR RELATIONS — WAGES AND FRINGE BENEFITS ACT — ADMINISTRATIVE PROCEDURES ACT.

Proceedings and hearings on claims for wages and fringe benefits under the wages and fringe benefits act shall be conducted pursuant to procedures for contested cases under the Administrative Procedures Act (MCL 24.271 *et seq.,* 408.481[7]; MSA 3.560[171] *et seq.,* 17.277[11][7]).

2. LABOR RELATIONS — ADMINISTRATIVE PROCEDURES ACT — CONSTITUTIONAL LAW — APPEAL.

The proper scope of appellate review of a decision of the Department of Labor involves a determination whether the decision is supported by competent, material and substantial evidence on the whole record; such a decision is presumptively valid and a party asserting that the decision was erroneous carries the burden of overcoming that presumption; the substantial evidence standard requires more than a scintilla of evidence, although the evidence may amount to substantially less than a preponderance (Const 1963, art 6, § 28; MCL 24.285; MSA 3.560[180]).

3. WORDS AND PHRASES — RES JUDICATA.

The doctrine of res judicata provides that, where two parties have fully litigated a particular claim and a final judgment has resulted, that claim may not be relitigated by either party; there are three prerequisites for a prior judgment to constitute a bar in a subsequent action under res judicata: (1) the former action must have been decided on the merits; (2) the same matter contested in the second action must have been decided in the first action; and (3) the two actions must be between the same parties or their privies.

4. LABOR RELATIONS — WAGES AND FRINGE BENEFITS ACT — COLLECTIVE BARGAINING — ACTIONS.

An individual worker's rights under the wages and fringe benefits

act are not waivable by his union; therefore, an individual's cause of action based on a claim under the wages and fringe benefits act is not merged with any cause of action a union may pursue against an employer under the terms of a collective bargaining agreement so as to give rise to a defense of res judicata or accord and satisfaction by the employer (MCL 408.471 *et seq.;* MSA 17.277[1] *et seq.*).

*Simon, Deitch, Tucker, Weisman, Friedman & Trogan* (by *Donald F. Tucker, Peter B. Kupelian* and *Matthew W. Schlegel),* for petitioner.

*Greenspon, Scheff & Washington, P.C.* (by *Donald B. Greenspon),* for respondents.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and K. B. GLASSER,* JJ.

R. B. BURNS, J. Petitioner appeals from the December 5, 1984, order of the Wayne County Circuit Court affirming in its entirety the April 15, 1983, decision of intervening respondent Michigan Department of Labor ordering petitioner to pay the claims of the individual respondents.

Petitioner is a business engaged in the interstate transportation of freight and commodities by truck. At issue are wage and fringe benefit payments for the individual claimants who were employed by Admiral at its terminal facility in the greater Detroit area. Claimants were members of Teamsters Local 299, which was a party with Admiral to the National Master Freight Agreement. For reasons to be explained in the facts and discussion that follow, it is petitioner's contention that the claimants' causes of action in the Department of Labor proceedings were merged into a prior federal action in Minnesota brought by the labor union and that the instant individual claims

---

* Circuit judge, sitting on the Court of Appeals by assignment.

are barred by the doctrine of res judicata and/or the doctrine of accord and satisfaction, as a result of that prior federal action.

In 1979, petitioner, alleging severe financial difficulties, ceased payments to the Central States, Southeast and Southwest Areas Health and Welfare and Pension Funds. Following initiation of suit by the funds, the federal district court in Minnesota enjoined petitioner from failing to pay money due. On or about August 31, 1980, representing to its employees that it was unable to comply with the court order and remain in business, petitioner sought and obtained signed, individual wage and fringe benefit concession agreements from the individual claimants, with the exception of Sanford and Holland.

Thereafter, between September 1, 1980, and January 10, 1981, Admiral reduced wages and fringe benefits to all of the claimants, including Sanford and Holland. Union officials filed a grievance on behalf of all the local employees alleging violation of the terms of the collective bargaining contract. A majority of the claimants also filed grievances in their own behalf. The grievance claims were upheld in arbitration, but when petitioner failed to immediately comply with the arbitration decision, the claimants, on October 2, 1981, pursuant to the wages and fringe benefits act, 1978 PA 390; MCL 408.471 *et seq.;* MSA 17.277(1) *et seq.,* filed claims with the Michigan Department of Labor. Subsequently, in January, 1982, allegedly then unbeknownst to the claimants herein, the International Teamsters Union sued in the federal court in Minnesota on behalf of local 299 and 14 other locals across the country to enforce the grievance awards.

On June 23, 1982, the court in Minnesota granted the Teamsters' motion for summary judg-

ment, and on or about September 15, 1982, again allegedly unbeknownst to the instant claimants, the Teamsters agreed to settle the suit for $95,000. When the Teamsters sought approval of the settlement from the arbitration panel, the panel approved disbursement of the proceeds of the settlement only to those grievants who had not signed concession agreements.

During the pendency of the federal action in Minnesota, of which the Michigan Department of Labor had no notice, the agency began its investigation. The Labor Department investigation concluded that, except for the claims of Holland and Sanford, petitioner had not acted in violation of Michigan law. The claimants challenged the denial of their claims, and petitioner appealed the upholding of the claims of Holland and Sanford. The prehearing conference and the hearing were held before a hearing officer on July 7, 1982, and October 15, 1982, respectively. In his April 15, 1983, decision, the hearing officer rejected petitioner's contentions.

Petitioner's circuit court appeal asserted that this decision was unsupported by competent evidence; was arbitrary and capricious and an abuse of discretion; and contained substantial and material errors of law. Petitioner further renewed its claims that the doctrine of res judicata and the doctrine of accord and satisfaction were a bar to the Department of Labor decision.

Petitioner now appeals the circuit court's affirmance of the hearing officer's decision. Petitioner raises two issues and we affirm.

Petitioner first argues that the hearing officer and the circuit court erred in finding that the claimants' causes of action had not been merged into the Minnesota judgment and that the doctrine

of res judicata was, therefore, inapplicable to bar their claims.

The respondent claimants, in this case, filed their claims for wages and fringe benefits under 1978 PA 390. MCL 408.481(7); MSA 17.277(11)(7) provides that proceedings and the hearings on such claims shall be conducted pursuant to procedures for contested cases under the Administrative Procedures Act (MCL 24.271 *et seq.;* MSA 3.560(171) *et seq.).* Section 85 of the Administrative Procedures Act and Const 1963, art 6, § 28 provide for appellate review of final decisions of the Department of Labor to determine whether the decision is "supported by competent, material and substantial evidence on the whole record".

The party asserting that the decision was erroneous carries the burden of overcoming the presumption of validity of the agency decision. *Law Dep't Employees Union v Flint,* 64 Mich App 359; 235 NW2d 783 (1975). The substantial evidence standard requires more than a scintilla of evidence, although the evidence may amount to substantially less than a preponderance. *Tompkins v Dep't of Social Services,* 97 Mich App 218; 293 NW2d 771 (1980).

Petitioner's assertion is that the doctrine of res judicata extinguished these individual claims because the claimants' individual causes of action were merged into their union's grievances under the collective bargaining agreement that were settled in the federal district court in Minnesota through its ordered enforcement of the arbitration rulings. The claimants respond that the hearing officer and the circuit court were correct in determining that their causes of action were not merged into the Minnesota judgment, and res judicata was, therefore, inapplicable to the case at bar.

This Court in *Ward v DAIIE,* 115 Mich App 30, 37; 320 NW2d 280 (1982), reiterated the elements of res judicata:

"The doctrine of res judicata provides that where two parties have fully litigated a particular claim and a final judgment has resulted, that claim may not be relitigated by either party. In *Tucker v Rohrback,* [13 Mich 73, 75 (1864)] the Supreme Court delineated three prerequisites for a prior judgment to constitute a bar in a subsequent action: (1) the former action must have been decided on the merits; (2) the same matter contested in the second action must have been decided in the first; and (3) the two actions must be between the same parties or privies." (Footnotes omitted.)

See also *DeCare v American Fidelity Fire Ins Co,* 139 Mich App 69, 77; 360 NW2d 872 (1984). Other cases have added a gloss to the second requirement, holding that in addition to a bar on claims actually litigated, res judicata bars those claims which could have been raised, but were not so raised in the first action. *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980); *Carter v SEMTA,* 135 Mich App 261; 351 NW2d 920 (1984).

In rejecting the petitioner's res judicta argument, the hearing officer and the circuit court relied upon two United States Supreme Court decisions. We are convinced that those two cases, *Alexander v Gardner-Denver Co,* 415 US 36; 94 S Ct 1011; 39 L Ed 2d 147 (1974), and *Barrentine v Arkansas-Best Freight System, Inc,* 450 US 728; 101 S Ct 1437; 67 L Ed 2d 641 (1981), combined with the Supreme Court's most recent decision on this subject in *McDonald v City of West Branch,* 466 US 284; 104 S Ct 1799; 80 L Ed 2d 302 (1984), fully support the lower court and the hearing officer's conclusion.

In *Barrentine*, truck drivers who were not compensated by their employer for time spent performing safety inspections on their vehicles filed grievances pursuant to their collective bargaining agreement. When the grievances were rejected by a joint labor-management grievance committee, the truck drivers filed a federal action under the Fair Labor Standards Act (FLSA), 29 USC 201 *et seq.*, alleging that the time was compensable.

The Supreme Court held that the truck drivers' action under the FLSA was not barred by the prior submission to arbitration since the FLSA rights asserted were independent of the collective bargaining process. The Court found that such rights devolved upon the drivers as individual workers and not as members of a collective organization. Writing for the majority, Justice Brennan explained that:

"This Court's decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, we have held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purpose' of the statute and thwart the legislative policies it has designed to effectuate. * * * Moreover, we have held that congressionally granted FLSA rights take precedence over conflicting provisions in a collectively bargained compensation arrangement." (Citations omitted.) *Barrentine, supra,* p 740.

The earlier case, *Alexander v Gardner-Denver Co, supra,* relied upon by the Supreme Court in *Barrentine* is also relevant. In *Gardner-Denver Co,* the plaintiff filed a grievance under a collective bargaining agreement containing a nondiscrimination clause following his discharge from employment. Prior to arbitration, he also filed a charge of

racial discrimination with the Equal Employment Opportunity Commission (EEOC). The arbitrator, not addressing plaintiff's claim of racial discrimination, found just cause for plaintiff's dismissal. When the EEOC found no reasonable cause to believe Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.,* had been violated, plaintiff sued in federal district court under Title VII.

The district court, granting summary judgment, concluded that plaintiff had voluntarily elected to pursue his grievance to final arbitration under the nondiscrimination clause of the collective bargaining agreement and was bound by the arbitral decision. The Court of Appeals affirmed. In an unanimous opinion, the Supreme Court reversed. The Court ruled that the doctrine of election of remedies was inapplicable in such situations because the distinctly separate nature of contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence. 415 US 50.

The Michigan Supreme Court has accepted this distinction between contract and statutory rights as well. In *Grand Rapids v FOP,* 415 Mich 628, 637-638; 330 NW2d 52 (1982), the Court in footnote 6 said: "We note that while a union may bargain away collective rights, individual rights of employees may not be bargined away." See also *Employment Security Comm v Vulcan Forging Co,* 375 Mich 374; 134 NW2d 749 (1965).

The United States Supreme Court squarely discussed the applicability of the doctrine of res judicata to arbitral decisions in the recent case of *McDonald v City of West Branch, supra.* In that case, a city police officer who had been discharged filed a grievance pursuant to the collective bargaining agreement between the city and his union. At arbitration, the arbitrator found just cause for

his termination. Rather than appeal that decision, the plaintiff filed an action in federal district court under 42 USC 1983, alleging that he had been discharged for exercising his constitutional rights.

The Supreme Court, in an unanimous opinion, reversed. The Supreme Court rejected the argument that arbitration awards are subject to the federal full faith and credit statute, 28 USC 1738, reasoning that the statute applies to judicial proceedings, and arbitration is not a judicial proceeding. The Court further reasoned that arbitration does not provide an adequate substitute for judicial proceedings in adjudicating § 1983 claims.

By analogy, the federal causes of action implicated in *Barrentine, Alexander* and *McDonald* are no different than the state cause of action implicated in the instant case. There is no question that just as Congress intended Title VII, the FLSA, and 42 USC 1983 to be judicially enforceable, the Michigan Legislature similarly intended the wages and fringe benefits act to be judicially enforceable. To accord preclusive effect to the arbitration award would undermine the state statute's efficacy in protecting those rights.

Finally, it is worth mentioning that, as the claimants point out, petitioner does not sustain its burden of showing that the instant claims were barred by the Minnesota judgment. As the claimants assert, the subject matter of the grievance cases in Minnesota are different from the subject matter of the Michigan Department of Labor claims. The burden of showing that a judgment in another action is res judicata is on the party so contending. *Calvert v Pontiac,* 288 Mich 401; 284 NW 921 (1939). Petitioner has not met this burden.

Petitioner next contends that the hearing officer and the circuit court erred in finding that the

claimants' causes of action had not been merged into the Minnesota judgment and that the doctrine of accord and satisfaction was, therefore, inapplicable to bar their claims.

The analysis and rationale presented above is equally applicable to this issue. The claimants' individual statutory claims in this case should not be barred by the decision rendered with respect to the collective bargaining agreement. Petitioner has not established an error of law, and we believe that the hearing officer's decision was well supported by competent evidence.

Affirmed. No costs, a question of public importance being involved.