DUNLOP v TWIN BEACH PARK ASSOCIATION, INC

Docket No. 48587. Submitted June 9, 1981, at Lansing.—Decided November 16, 1981.

George and Marion A. Dunlop brought an action in the Oakland Circuit Court against Twin Beach Park Association, Inc., claiming continuous, adverse, hostile, open and notorious occupation of certain land titled to Twin Beach. John and Christine Dunlop, Warren and Marie Wilt, and others filed a complaint to quiet title to certain other property in the Oakland Circuit Court. The cases were consolidated for trial. The plaintiffs owned lots in Twin Beach Country Club Subdivision. A narrow strip of land known in part as Edgewater Park and in part as Twinview Park separated plaintiffs' lots from Middle Straits Lake. Twin Beach Country Club Subdivision was developed in 1924 and the land in question as well as all other land platted for parks was dedicated for the use of the lot owners. All the plaintiffs claimed that the lands in question were possessed by themselves or their predecessors in title continuously, adversely and hostilely for over 50 years prior to trial. Twin Beach Park Association, Inc., is the successor titleholder of the property in question. The trial court, Frederick C. Ziem, J., rejected plaintiffs' claims. George, Marion, John and Christine Dunlop and Warren and Marie Wilt appeal. *Held:*

1. Plaintiffs claimed the court erred in admitting into evidence an offer made in 1970 by one of the plaintiffs to buy the property from defendant. At that time there was no dispute as to title. Admission of the evidence did not, therefore, run afoul of the rule precluding evidence of settlement offers, because the evidence was not of an offer to compromise a disputed liability or an attempt to make peace in a controversy.

2. Plaintiffs claim the trial court erroneously compared their burden of proof to that placed on a co-owner seeking to estab-

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 629.
[2] 3 Am Jur 2d, Adverse Possession §§ 173–175, 248 *et seq.*
    29 Am Jur 2d, Evidence § 234.
[3] 5 Am Jur 2d, Appeal and Error §§ 772, 822.
[4] 5 Am Jur 2d, Appeal and Error § 820 *et seq.*

lish exclusive ownership by adverse posession. The quantum of evidence required to establish exclusive ownership by adverse possession is much less for a stranger to the property than for a co-owner or cotenant. The court did not err in requiring clear and convincing evidence of the hostility of plaintiffs' possessions.

3. The trial court's findings were not clearly erroneous. There was conflicting evidence concerning plaintiffs' claim that their use was exclusive.

Affirmed.

1. EVIDENCE — COMPROMISE — RULES OF EVIDENCE.

The rules of evidence preclude the admission of evidence of an attempt to compromise a claim which is disputed as to validity or amount at the time of the attempted compromise (MRE 408).

2. PROPERTY — ADVERSE POSSESSION — EVIDENCE.

The quantum of evidence required to establish exclusive ownership by adverse possession is much less for a stranger to the property than for a co-owner or cotenant.

3. APPEAL — QUIET TITLE — EQUITY.

Actions to quiet title are equitable in nature and are reviewed *de novo* on appeal; the trial court's findings of fact will not be overturned unless they are clearly erroneous or unless the reviewing court is convinced it would have reached a different result had it sat as the trier of fact.

4. APPEAL — FINDINGS OF FACT — CLEAR ERROR.

A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed (GCR 1963, 517.1).

*Myron F. Poe,* for plaintiffs.

*Booth, Patterson, Lee, Karlstrom & Steckling,* for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

D. R. FREEMAN, J. Appellants' claim of legal title

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to land by adverse possession was rejected by the trial court after a bench trial. They claim an appeal as of right.

This dispute concerns the title to certain property fronting on Middle Straits Lake between the lake and lots 45 through 52 of block 36 of the Twin Beach Country Club Subdivision in Oakland County. In 1924, Frank Salter began to develop the subdivision and sold lots 51 and 52 to Adam Dunlop. The subdivision plat contained a provision dedicating the property along the lake to the use of owners of lots within the subdivision. In 1933, the Twin Beach Country Club was formed. It assumed ownership of the property along the lake and other dedicated areas within the subdivision in 1939. In 1970, the Twin Beach Country Club conveyed the property to defendant Twin Beach Park Association. The disputed land is the beachfront property between the lots owned by plaintiffs and the lake. We address *seriatim* the four claims of error made by appellants.

Appellants' first claim of error must be rejected because it is premised on a misinterpretation of certain comments made by the trial judge. Appellants claim the trial judge erred by allowing into evidence testimony concerning events which occurred after the date on which he found plaintiffs had established adverse possession. We think the comments of the trial judge do not indicate a finding that adverse possession had been established but only a finding of actual use by the plaintiffs for the prescribed period. Nothing in the record indicates a finding by the trial judge that such use was exclusive, which was the pivotal issue at trial. Since the trial court did not find that title through adverse possession was established in the mid-1940's, the evidence of later

events introduced to disprove adverse possession was relevant.

Appellants claim the trial court erred by admitting into evidence an offer by one of the plaintiffs to buy some of the disputed property from defendant in 1970. MRE 408 precludes the admission of evidence of furnishing or offering to furnish or accepting or offering to accept valuable consideration in compromising or attempting to compromise "a claim which was disputed as to either validity or amount". At the time the offer to buy the property was made, no controversy had arisen between the parties. Admission of the evidence did not, therefore, run afoul of the rule precluding evidence of settlement offers, because the evidence was not of an offer to compromise a disputed liability or an attempt to make peace in a controversy. *Ogden v George F Alger Co,* 353 Mich 402, 407; 91 NW2d 288 (1958). In the present case, the offer to buy the property was made in 1970 and the dispute over ownership of the property did not arise until 1975.

Appellants next claim that the trial court erroneously compared the burden of proof placed on them to that placed on a co-owner seeking to establish exclusive ownership by adverse possession. We think the analogy drawn by the trial judge to be an appropriate and useful one. In Michigan, the quantum of evidence required to establish adverse possession is much less for a stranger to the property than for a cotenant. *Croze v Quincy Mining Co,* 199 Mich 515, 518; 165 NW 786 (1917). In *Croze,* the Supreme Court noted the rationale underlying this distinction as stated in *Foulke v Bond,* 41 NJL 527 (1879):

"In the acquisition of title by adverse possession the distinction between strangers and tenants in common

relates to the character of the evidence necessary to prove that the possession was adverse. The relations between the joint owners are presumed to be amicable rather than hostile, and the acts of one affecting the common property are presumed to be done for the common benefit. This presumption is liable to be overcome by the circumstances of the particular case. It is a rule of evidence merely, which enters into the question whether the possession is in fact adverse, and not a rule of law, which forbids the application of the statute of limitations to persons who occupy to each other the relation of tenants in common.

"It is with respect to those two essential qualities of the possession, on which title by lapse of time is founded—hostility in fact to the title of the true owner, and notoriety of the adverse claim—that the fact of a cotenancy between the parties becomes an important element. If the parties are strangers in title, possession and the exercise of rights of ownership are in themselves, in the absence of explanatory evidence, proof of an ouster of the true owner; whereas, in cases of privity of title such as subsists between tenants in common, the acts of possession of one tenant will, in the absence of satisfactory evidence to the contrary, be referred to the community of title, and there must be clearer and more decisive evidence of an ouster by one tenant in common of his associate than is necessary to prove that a person having no right to possession had ousted an owner in severalty. An ouster by a tenant in common does not differ in its nature from any other ouster, in any respect, except in the degree of evidence required; in other cases the assumption of ownership is more clearly adverse; in case of a tenant in common such assumption of ownership, and the acts which indicate it, may be consistent with an acknowledgement of the rights of the cotenant, and therefore, acts which are decisive in the one case are equivocal and insufficient in the other." (Citations omitted.) *Croze, supra,* 518-519.

Plaintiffs, who unquestionably had a right to use the disputed property, cannot be considered strangers to the land. Their initial entry onto the

land must be considered permissive. The proofs of adverse possession, therefore, must be clear and cogent and the case cannot be made out by inference. *Donohue v Vosper,* 189 Mich 78, 90; 155 NW 407 (1915). The reason for this rule is apparent; the possession itself is rightful and does not import adverse possession, as would that of a stranger. *Donohue, supra,* 91. To change a permissive use into an adverse one, a claimant must make a distinct and positive assertion of a right hostile to the rights of the owner; this assertion must be brought to the owner's attention. *Taylor v S S Kresge Co,* 326 Mich 580, 589,; 40 NW2d 636 (1950). The trial judge did not err by requiring clear and convincing evidence of the hostility of plaintiffs' possession.

We finally consider the claim that the trial court's findings of fact were clearly erroneous. Actions to quiet title are equitable in nature and are reviewed *de novo* by this Court. *Caywood v Dep't of Natural Resources,* 71 Mich App 322, 332; 248 NW2d 253 (1976). Review is governed by GCR 1963, 517.1 and the trial court's findings of fact will not be overturned or modified unless they are clearly erroneous or the reviewing court is convinced it would have had to reach a different result had it occupied the bench at trial. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been made. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976). Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses who appeared before him. *Pohl v Gilbert,* 89 Mich App 176, 179; 280 NW2d 831 (1979).

The evidence in this case clearly supported

plaintiffs' contention that they used the disputed property in a visible and open manner since at least 1940. The evidence also supported the claim that the use was continuous and uninterrupted since 1947. There was conflicting evidence, however, concerning plaintiffs' claim that their use was exclusive. Although plaintiffs claim they prevented others from using the disputed land, this claim was contradicted by defendant's witnesses. Evidence was also presented that plaintiffs did not claim the land as of right. Plaintiffs admitted they did not pay taxes on the disputed property. It was reasonable to infer that defendant did pay taxes, given the evidence presented. There was sufficient evidence supporting the trial judge's finding that plaintiffs' possession was not exclusive. Evidence of hostile and exclusive use must be clear and convincing to support a claim of adverse possession where the initial entry onto land is not inconsistent with the rights of the record owner. We cannot say that the findings of fact made by the trial judge were clearly erroneous.

Affirmed. Costs to defendant.