STINEBAUGH v BRISTOL

Docket No. 63895. Submitted August 2, 1983, at Grand Rapids.—
Decided February 21, 1984.

   Plaintiff, John E. Stinebaugh, and defendant, Georgette Bristol,
   were divorced in 1978. Pursuant to the judgment of divorce and
   property settlement agreement, plaintiff received custody of the
   parties' minor children and remained in the marital home to
   raise the children. The settlement agreement also provided that
   when the youngest of the children reached age 18, the marital
   home was to be sold and the proceeds divided equally between
   the parties, with the plaintiff to receive credit for his mortgage
   payments. The facts indicate, however, that both parties agreed
   that when the defendant had established a place of her own,
   custody of the children would be transferred to her. The
   defendant then obtained a place of her own, however, her
   several requests for custody of the children were denied by the
   plaintiff. In December, 1980, the defendant delivered a written,
   notarized statement to the plaintiff releasing her interest in the
   marital home and the plaintiff relinquished custody of the
   children shortly thereafter. Plaintiff then brought an action in
   the Benzie Circuit Court to quiet title to the property, claiming
   that the defendant intended the transfer of her interest as a
   gift. Defendant claimed that she offered her interest in the
   home in exchange for custody of the children and not as a gift.
   The trial court, Charles A. Wickens, J., found that the docu-
   ment presented by defendant to plaintiff in December, 1980,
   was a quitclaim deed and that it was intended as a gift. The
   trial court therefore ruled that all of defendant's right, title,
   and interest in the marital property had effectively passed to
   plaintiff. Defendant appeals. *Held:*

      1. The facts indicate that delivery of the alleged gift was
   conditioned on the change of custody. Since the delivery was
   not unconditional, it did not constitute a valid gift. The evi-

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 145.
[2] 5 Am Jur 2d, Appeal and Error § 841.
[3] 65 Am Jur 2d, Quieting Title §§ 78, 79.
[4] 38 Am Jur 2d, Gifts § 16 *et seq.*

dence clearly shows duress in the execution of the quitclaim deed. The trial court's finding on the issue of whether a valid gift was made was clearly erroneous and, therefore, the judgment is reversed.

2. The written, notarized statement purporting to transfer defendant's interest in the marital home to plaintiff was the result of a "child-bartering agreement". Such an agreement is contrary to public policy and is therefore set aside.

3. The trial court shall enter an order restoring to defendant one-half interest in the marital home as established in the settlement agreement in the September 11, 1978, judgment of divorce.

Reversed and remanded for further proceedings consistent with the opinion.

1. APPEAL — QUIETING TITLE — EQUITY.

Actions to quiet title are equitable in nature and are reviewed *de novo* on appeal; the trial court's findings of fact will not be overturned unless they are clearly erroneous or unless the reviewing court is convinced it would have reached a different result had it sat as the trier of fact; in applying this principle, due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses who appeared before him.

2. APPEAL — FINDINGS OF FACT — CLEAR ERROR.

A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made (GCR 1963, 517.1).

3. ACTIONS — QUIETING TITLE — BURDEN OF PROOF.

A plaintiff in a suit to quiet title to land has the burden of proof and must establish a prima facie case of title; if the plaintiff establishes a prima facie case, the defendant has the burden of proving superior right or title.

4. GIFTS — TITLE — DELIVERY — ACCEPTANCE.

The three elements necessary to constitute a valid gift are: (1) the donor must intend to pass title to the donee, (2) there must be actual or constructive delivery, and (3) the donee must accept the gift; the delivery of the gift must be unconditional in order to constitute a valid gift.

*John D. Berlin,* for plaintiff.

*Menmuir, Zimmerman, Rollert & Kuhn* (by *Philip E. Rodgers, Jr.*), for defendant.

Before: V. J. BRENNAN, P.J., and SHEPHERD and E. A. QUINNELL,* JJ.

V. J. BRENNAN, P.J. This suit to quiet title to real property was filed by plaintiff and involved title to the parties' marital home. Defendant appeals as of right from the judgment of the trial court in favor of plaintiff.

The plaintiff husband and the defendant wife were divorced in 1978. There were apparently numerous disputes subsequent to the divorce about the custody of the children and how the children should be raised. Pursuant to the judgment of divorce and property settlement agreement, plaintiff received custody of the parties' minor children and remained in the marital home to raise the children. However, the settlement agreement provided that when the youngest of the children reached age 18, the marital home was to be sold and the proceeds divided equally between the parties with the husband to receive credit for his mortgage payments. Plaintiff brought this action to quiet title in the marital home.

Mr. Stinebaugh testified that his wife came to him in November, 1980, and offered him her interest in the marital home as a gift. In support of his contention that his wife had made him a valid gift of her interest in the home, plaintiff introduced, as his exhibit No. 4, a written, notarized statement, signed by defendant which stated:

"November 21, 1980
"I, Georgette (Stinebaugh) Bristol, hereby release my claim from the previous agreement in my divorce settle-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

ment of September 11, 1978, to any rights, claims or proceeds from John E. Stinebaugh having to sell the house located on 11237 Main St., Honor, Michigan, when our youngest child, Jeffrey Eric Stinebaugh reaches 18 years of age as previously agreed upon. I hereby give John E. Stinebaugh my claim on the home. It is all his to do with as he sees fit, this is my own decision and my wish.

"Sincerely,

"/s/ *Mrs. Georgette Bristol*

"Mrs. Georgette Bristol

"Susan A. Husby, Notary Public

Grand Traverse County, Michigan

My commission expires: May 4, 1982.

"And notarized by:

/s/ *Susan A. Husby*

/s/ *November 21, 1980*"

Plaintiff also testified that the defendant delivered the document to him in December, 1980. He testified that he believed his wife intended the transfer as a gift "out of her sincere heart" because she was getting remarried and would have a home of her own and would, therefore, not need his home. He admitted that he was surprised by the "gift" because he and his ex-wife were not exactly friends.

Plaintiff also admitted that at the time of the parties' divorce in 1978, he received custody of the children, but that both parties agreed that when defendant had established a place of her own, custody would transfer to her. He stated that between 1978 and 1981 defendant often asked him for custody of the children. She made several requests, all of which were denied. He denied her requests because he thought that the children were better off with him. He also denied that he ever agreed to exchange her interest in the home for custody of the children. However, he relin-

quished custody at his children's request shortly after the November 21, 1980, conveyance.

Defendant's sister, Susan A. Husby, testified that she notarized the document purporting to transfer to plaintiff defendant's interest in the marital home. However, Mrs. Husby indicated that she waited two weeks to notarize the document in an effort to dissuade her sister from completing the transfer. When her sister persisted, Mrs. Husby relented and notarized the document.

Defendant testified that once she obtained a place of her own and asked her husband for custody pursuant to their agreement, he refused. She testified that she offered her husband her interest in the home in exchange for custody. She described that interest as the last thing with which she had to bargain in exchange for custody of the children. According to defendant, she prepared the written statement noted above on her own and delivered it to her husband. When she gave it to him, she told him, "You have everything now, why don't you give me the children?" She stated that she intended to give her husband her interest in the home not as a gift, but in exchange for custody of the children.

Defendant also testified that neither she nor her husband believed that the instrument she drafted was legal. Hence, they agreed to have legal papers drafted which would transfer the interest in the home and the custody of the children.

After hearing the parties' testimony, the trial judge found that the document presented by defendant to plaintiff was a quitclaim deed and that it was intended as a gift. Hence, the judge ruled that all of defendant's right, title, and interest in the marital property had effectively passed to plaintiff.

On appeal, defendant claims that the trial

court's finding that defendant had made plaintiff a valid gift of her interest in the marital property was clearly erroneous.

"Actions to quiet title are equitable in nature and are reviewed *de novo* by this Court. *Caywood v Dep't of Natural Resources,* 71 Mich App 322, 332; 248 NW2d 253 (1976). Review is governed by GCR 1963, 517.1 and the trial court's findings of fact will not be overturned or modified unless they are clearly erroneous or the reviewing court is convinced it would have had to reach a different result had it occupied the bench at trial. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been made. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976). Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses who appeared before him. *Pohl v Gilbert,* 89 Mich App 176, 179; 280 NW2d 831 (1979)." *Dunlop v Twin Beach Park Ass'n, Inc,* 111 Mich App 261, 266; 314 NW2d 578 (1981).

In an action to quiet title, the plaintiff has the burden of proof and must make out a prima facie case. *Boekeloo v Kuschinski,* 117 Mich App 619, 628-629; 324 NW2d 104 (1982). Once plaintiff makes out a prima facie case, the defendant has the burden of proving that he or she has superior title. 117 Mich App 629. Here, plaintiff argued that he had superior title because defendant had made him a gift of her interest in the property. In order to constitute a valid gift (1) the donor must intend to pass title to the donee, (2) there must be actual or constructive delivery, and (3) the donee must accept the gift. *Osius v Dingell,* 375 Mich 605, 611; 134 NW2d 657 (1965); *Jones v Causey,* 45 Mich App 271; 206 NW2d 534 (1973), *lv den* 389 Mich 817 (1973). The delivery of the gift must be unconditional. *Osius, supra,* p 611.

Here the facts are clear that the delivery was conditioned on the change of custody. The evidence clearly shows duress in the execution of the quit-claim deed. This record has established that the trial judge's finding on the issue of whether a valid gift was made was clearly erroneous. Therefore, the judgment below is reversed.

We also find that plaintiff's exhibit 4, *supra,* purporting to transfer defendant's interest in the marital home to plaintiff was the result of a "child-bartering agreement"; such an agreement is contrary to public policy and is hereby set aside.

The findings of the trial court are reversed; the court will enter an order restoring to defendant her one-half interest in the marital home as established in the parties' settlement agreement in the September 11, 1978, judgment of divorce.

Reversed and remanded for further proceedings consistent with this opinion. Costs to defendant.