INGLE v MUSGRAVE

Docket No. 86687. Submitted October 22, 1986, at Detroit. Decided
April 20, 1987. Leave to appeal applied for.

Allen C. Ingle, as personal representative of the estate of Clifford
Matthews, brought in Oakland Circuit Court an action to quiet
title in two pieces of property, one of which had been deeded to
"Clifford H. Matthews and Lillian E. Musgrave (now known as
Lillian Matthews, wife of Clifford Matthews)" and the other of
which had been deeded to "Clifford Matthews and Lillian E.
Matthews, his wife." Named as defendants were Thomas Mus-
grave, husband of Lillian Musgrave, and Lillian E. Schurig,
daughter of that marriage. The Musgraves were married in the
1930's. In the late 1930's, Thomas Musgrave left Lillian Mus-
grave and was presumed dead. From 1945 until her death in
1966, Lillian Musgrave and Clifford Matthews lived together
and held themselves out as husband and wife. In early 1966,
upon learning that Thomas Musgrave was still alive, Lillian
and Clifford contacted a lawyer with the intent to draw up
wills in order to defeat any claim by Thomas Musgrave. Before
any will was executed, Lillian Musgrave died intestate on
February 6, 1966. The estate of Lillian Musgrave was admitted
to probate in June, 1966. In January, 1973, Lillian Schurig, as
administratrix of the estate of Lillian Musgrave, submitted a
"Statement in Lieu of Final Account" in which she stated that
she had determined, on advice of counsel, that the possibility of
proving that decedent had any interest in the property was so
remote that it was not worth pursuing. Lillian Musgrave's
estate was closed in February, 1973. Schurig testified that she
closed her mother's estate without pursuing any claim with
respect to the jointly held property on the basis of statements
made by Clifford Matthews that, if she did not pursue any

REFERENCES
Am Jur 2d, Appeal and Error §§ 145, 703, 822.
Am Jur 2d, New Topic Service, Alternative Dispute Resolution § 24.
Am Jur 2d, Quieting Title §§ 78, 79.
Liability of parties to arbitration for costs, fees, and expenses. 57
ALR3d 633.
See also the annotations in the Index to Annotations under Appeal
and Error; Presumptions and Burden of Proof; Quieting Title.

claim to the property on behalf of her mother's estate, he would protect her interests in the property in his will. Clifford Matthews died in August, 1978. His will left nothing to Lillian Schurig. Plaintiff commenced the action to clear title to both parcels on the basis of adverse possession, plaintiff further claiming that defendant Schurig was barred from any claim on the property because she had abandoned all claims to any interest in the property when she closed her mother's estate and that she was barred by the statute of frauds from enforcing the alleged promise of Clifford Matthews to devise to her an interest in the property. Defendant Musgrave executed a consent to entry of judgment granting the relief prayed for and a consent judgment to that effect was entered in favor of plaintiff. The matter between plaintiff and defendant Schurig was submitted for mediation. The resulting evaluation was in favor of defendant Schurig, with the recommendation being that she receive $5,000 from the estate. Defendant Schurig accepted the mediation valuation and plaintiff rejected it. A bench trial before Hilda R. Gage, J., resulted in a judgment in favor of defendant Schurig granting her a one-half interest in the subject properties, the court finding that plaintiff had failed to show clear title. Plaintiff appealed. Defendant cross-appealed.

The Court of Appeals *held:*

1. The trial court's finding that defendant Schurig was induced to close her mother's estate without pursuing her interests in the subject properties by the fraudulent inducements of Clifford Matthews is adequately supported by the evidence adduced at trial.

2. Plaintiff failed to prove adverse possession of the subject properties by the deceased for the requisite period.

3. Since the probate proceedings relative to the estate of Lillian Musgrave did not determine proper title to the subject properties and since Clifford Matthews was not a party to those proceedings, defendant Schurig is not barred by res judicata or collateral estoppel from now asserting her interest in the subject properties. Equity will not bar her from now asserting her claim since any delay in pursuing the claim was induced by Clifford Matthews' false representations.

4. Defendant Schurig's claim to the subject properties is not based upon an attempt to enforce Matthews' promise to convey the property by devise, but is rather based on the fact that she is an heir of Lillian Musgrave. Accordingly the statute of frauds is inapplicable.

5. Any error in the admission of evidence was harmless error.

6. The trial court properly construed Thomas Musgraves'

statement of consent as a disclaimer of any interest in the properties rather than a conveyance of his interest, if any, in the properties.

7. The trial court properly refused to award defendant Schurig costs and attorney fees, since the mediation court rule applies only to "any civil action in which the relief sought consists of money damages or division of property" and an action to quiet title involves neither of those remedies.

Affirmed.

1. APPEAL — QUIETING TITLE — EQUITY.

An action to quiet title is equitable in nature and is reviewed de novo by the Court of Appeals.

2. ACTIONS — QUIETING TITLE — BURDEN OF PROOF.

A plaintiff in a suit to quiet title to land has the burden of proof and must establish a prima facie case of title; if the plaintiff establishes a prima facie case, the defendant has the burden of proving superior right or title.

3. ACTIONS — MEDIATION — QUIETING TITLE — COSTS.

The court rule requiring the payment of actual costs where a party has rejected an evaluation following a court-ordered mediation and at trial the verdict is more favorable to the opposing party than the mediation evaluation is not applicable where there has been mediation in an action to quiet title, since the court rule is applicable only where the relief sought consists of money damages or division of property (MCR 2.403[A], 2.403[O]).

*Allen C. Ingle,* for plaintiff.

*Sanford J. Melder,* for defendant.

Before: D. F. WALSH, P.J., and M. J. KELLY and C. W. SIMON,* JJ.

PER CURIAM. Plaintiff, Allen C. Ingle, appeals as of right from a judgment entered in favor of defendant Lillian E. Schurig in his action to quiet title in the estate of Clifford Matthews. Defendant Schurig cross-appeals an order entered July 30, 1985, in which the trial court denied her motion

* Circuit judge, sitting on the Court of Appeals by assignment.

for attorney fees and costs. Defendant Thomas Musgrave is not a party to this appeal. We affirm both orders.

On January 24, 1984, plaintiff filed this action to quiet title in his capacity as administrator of the estate of Clifford Matthews,[1] who died April 30, 1983. It is undisputed that from 1945 to her death in 1966 Clifford Matthews had been living with one Lillian Musgrave, also known as Lillian Matthews, and that the two had held themselves out to be husband and wife. Lillian Musgrave had married Thomas Musgrave, who left Lillian early in the marriage (late 1930's) and was not heard from again until 1966. Lillian and Thomas Musgrave had one daughter, Lillian Schurig. Defendant Schurig was eight years old when her mother took up residency with Clifford Matthews. Defendant Schurig testified that she had always considered Matthews to be her father inasmuch as she never knew her natural father. Defendant Schurig believed that Matthews, who had four natural children, viewed her as his daughter.

While they were together, Lillian Musgrave and Clifford Matthews acquired two parcels of property, one in Florida and one in Farmington, Michigan. The Florida property is deeded to "Clifford H. Matthews and Lillian E. Musgrave (now known as Lillian Matthews, wife of Clifford Matthews)," while the Michigan property is deeded to "Clifford H. Matthews and Lillian E. Matthews, his wife." In February of 1966, Lillian Musgrave and Clifford Matthews contacted plaintiff in his capacity as an attorney and informed him that Thomas Musgrave was alive and residing in Canada. The two decided

---

[1] We question the authority of the personal representative of an estate to maintain an action to quiet title on behalf of the estate. However, because this issue has never been raised by the parties, we will not address it here.

to draw up wills in order to defeat any claims on the part of Thomas Musgrave. Lillian Musgrave died intestate on February 6, 1966, only a few days after her visit to plaintiff.

Lillian Musgrave's estate was filed in Oakland County Probate Court on June 13, 1966, and was closed by an order dated February 27, 1973. It is undisputed that a "Statement in Lieu of Final Account" had been filed by defendant on January 24, 1973, in which she stated:

> That at the time of said appointment, it was your petitioner's opinion that the decedent had an interest in a piece of real estate in Farmington; That your petitioner has since determined, along with the advice of counsel, that the possibility of proving that decedent had any interest in the property is so remote that it is not felt worthy of pursuing, and there are no other assets in the estate to be administered.

Clifford Matthews died ten years later, at which time his will, dated August 7, 1968, was submitted to the Oakland County Probate Court. Plaintiff was appointed personal representative of the estate, which was devised to Clifford Matthews' four children. Lillian Schurig was not named in Matthews' will. Shortly thereafter, plaintiff filed in circuit court this separate action to quiet title in favor of Matthews' estate, asserting that Clifford Matthews had obtained clear title to both properties by adversely possessing them from February 6, 1966, until his death in April of 1983. Plaintiff thereafter filed two separate motions for summary judgment asserting that: (1) defendant had abandoned all claim to her mother's property when she closed her mother's estate; (2) defendant was precluded from asserting any interest in the property under a fifteen-year statute of limitations; and (3)

defendant was barred under the statute of frauds from enforcing an alleged promise made to her by Clifford Matthews to devise real property. Defendant Thomas Musgrave executed a document entitled "Acknowledgment of Service and Consent to Entry of Judgment by Defendant Thomas Musgrave Only," in which he stated in relevant part "[t]hat he consents to the entry of a Judgment granting the relief prayed for in said complaint." A consent judgment was entered in favor of plaintiff as against defendant Thomas Musgrave on December 11, 1984.

The case was submitted for mediation on October 30, 1984, resulting in an evaluation in favor of defendant. The panel recommended that defendant receive $5,000 from the Matthews' estate. Defendant accepted the award and plaintiff rejected it. A bench trial was conducted resulting in the judgment in favor of defendant.

None of the issues raised by plaintiff on appeal merit reversal of the judgment entered by the trial court in this case. An action to quiet title is equitable in nature and is reviewed de novo. *Stinebaugh v Bristol,* 132 Mich App 311, 316; 347 NW2d 219 (1984). Plaintiff carries the burden of proving clear title to the property at issue, and it is only after plaintiff has made out a prima facie case that the burden of showing superior title shifts to the defendant. *Id.; Boekeloo v Kuschinski,* 117 Mich App 619, 628-629; 324 NW2d 104 (1982); 65 Am Jur 2d, Quieting Title, § 78, p 208. Where the case revolves around questions of fact, this Court gives due regard to the opportunity of the trial judge to assess the credibility of the witnesses, and we reverse findings of fact only where they are clearly erroneous. *Stinebaugh, supra,* citing *Dunlop v Twin Beach Park Ass'n, Inc,* 111 Mich App 261, 266; 314 NW2d 578 (1981).

The trial court made the following findings of fact at the conclusion of trial in this matter. Although defendant Schurig was aware of her mother's interest in both parcels of property prior to 1973, she nevertheless closed her mother's estate without properly disposing of these assets. Defendant Schurig was prompted to do so at the urging of Clifford Matthews, who said that he would devise the properties to defendant Schurig and his four children and in that way protect the interests of defendant Schurig. The trial court found that Clifford Matthews' representations to defendant Schurig were false and that he knew them to be false when he made them, since he had already executed a will, after Lillian Musgrave's death, devising all of his property to his natural children only. Based on Clifford Matthews' false representations, however, defendant Schurig acquiesced in Matthews' possession of the realty and made no effort to pursue her property interests as heir to Lillian Musgrave.

Contrary to plaintiff's arguments on appeal, the trial court's factual findings are adequately supported by the evidence developed at trial. Plaintiff introduced only the testimony of defendant Lillian Schurig and the testimony of plaintiff Allen Ingle. The import of Ingle's testimony was that defendant Schurig knew of her mother's interest in the properties before she closed the estate. On the basis of plaintiff's proofs, we are not persuaded that the trial court clearly erred in its findings of fact as we are not convinced that we would have reached a different result had we been in the position of the trial court. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

Plaintiff has simply failed to make out a prima facie case of clear title. There is no dispute that as

of February, 1966, both properties in question were jointly owned by and deeded to Matthews and Lillian Musgrave, as cotenants. In order for Matthews to have obtained the cotenant's interest in the property under a theory of adverse possession, he must have possessed that property in a manner openly hostile to the interest of defendant. The only evidence introduced at trial on this point reveals that Matthews' possession was anything but hostile. Plaintiff failed to prove the adverse possession claim.

Plaintiff's alternative theory is that defendant Schurig is somehow prevented from defending this action to quiet title by reason of the probate court order closing Lillian Musgrave's estate. That probate court proceeding did not determine proper title to the lands in question inasmuch as those assets were never identified as part of Lillian Musgrave's estate. Nor, as far as we can tell from the record before us, was Clifford Matthews ever a party to the probate court proceedings. Since title has never been judicially determined, the doctrines of res judicata and collateral estoppel do not bar defendant Schurig's right to assert her interest in defending against this separate action to quiet title. See *Dep't of Transportation v Brown,* 153 Mich App 773, 783; 396 NW2d 529 (1986) (collateral estoppel bars only issues actually litigated in a prior action), and *Thomas v Michigan Employment Security Comm,* 154 Mich App 736, 741; 398 NW2d 514 (1986) (res judicata bars subsequent action only where prior action was between the same parties and the same matter was litigated). To the extent that plaintiff relies upon general principles of fairness and equity in arguing that defendant Schurig should be estopped in this case because of her failure to pursue her interests in the probate matter, his reliance is misplaced in

light of Clifford Matthews' false repesentations to defendant Schurig.

Plaintiff's remaining arguments are likewise without merit. In defending against this action to quiet title, defendant Schurig does not seek to enforce a promise by Clifford Matthews to convey realty by devise. Rather, defendant Schurig asserts her interest in property as heir to Lillian Musgrave. The statute of frauds thus does not apply. MCL 566.106; MSA 26.906.

Since plaintiff failed to make out a prima facie case of clear title, we need not concern ourselves with the length of time Matthews occupied the property or with the merits of defendant Schurig's claim regarding fraudulent concealment. Defendant Schurig relied on MCL 600.5855; MSA 27A.5855, a tolling provision, to defeat plaintiff's reliance on a statute of limitations. Since we have already determined that Clifford Matthews never possessed the properties in question in an open and hostile manner, the duration of his possession is irrelevant.

To the extent that the trial court erred in excluding a copy of a letter written by plaintiff to defendant Schurig in the probate matter, apprising her of Lillian Musgrave's interest in the two parcels of property, we find the error harmless beyond a reasonable doubt. Defendant Schurig has at all times admitted that she knew of her mother's interest in the properties when she closed the estate. That issue is not in dispute. Moreover, plaintiff eventually testified as to the contents of the excluded letter.

The trial court construed Thomas Musgrave's statement of consent as a disclaimer rather than a conveyance of interest, if any, in the properties in question. Thomas Musgrave consented to the entry of a judgment granting the relief prayed for in the

complaint. The relief sought by plaintiff in his complaint is a judgment of "quiet title in the name of Clifford H. Matthews." We think that the question of Thomas Musgrave's intent cannot be determined on the face of the documents before the trial court and before us and we therefore find that plaintiff has failed to carry his burden of proving clear title to Thomas Musgrave's interest.

Finally, while plaintiff's allegations of perjury may support a criminal prosecution against defendant Schurig, MCL 750.423; MSA 28.665, we are not persuaded that defendant Schurig's admittedly false statement in probate court, of which the trial court was well aware, constitutes a basis for reversing the lower court's judgment.

We now consider defendant Schurig's cross-appeal challenging the trial court's refusal to order costs and attorney fees under MCR 2.403(O). Application of the mediation court rule is limited to "any civil action in which the relief sought consists of money damages or division of property." MCR 2.403(A). Plaintiff in this case did not seek either remedy, since the purpose of an action to quiet title is to determine the existing title to property by removing any cloud therefrom. 19 Michigan Law & Practice, Quieting Title, § 1, p 159. MCR 2.403(O) does not apply and the trial court did not err in denying defendant Schurig attorney fees.

Affirmed.