*In re* MENSINGER ESTATE

(LESTER v ROBINSON)

Docket No. 137041. Submitted December 9, 1992, at Detroit. Decided February 23, 1993; approved for publication August 23, 1993, at 9:00 A.M.

Fern Lester and Carleton Robinson, as the co-trustees of the Emily Mensinger inter vivos trust, petitioned the St. Clair County Probate Court for authority to distribute the proceeds from a redemption of Series E United States treasury bonds that had been transferred to the trust by Mensinger before she died intestate. Carleton Robinson, as the personal representative of Mensinger's estate, opposed the petition, claiming that the bonds and their proceeds belonged to the estate. The court, John R. Monaghan, J., denied the petition, determining the estate to be the owner of the bonds. The petitioners appealed.

The Court of Appeals *held:*

Mensinger made a valid gift of the bonds to her inter vivos trust. She intended to pass title to the trust and the bonds were delivered to and accepted by the co-trustees. Accordingly, it is the trust, and not the estate, that is entitled to the proceeds from the redemption of the bonds.

Reversed.

GIFTS — TITLE — DELIVERY — ACCEPTANCE.

To constitute a valid gift, the donor must intend to pass title to the donee, there must be actual or constructive delivery, and the donee must accept the gift.

*Luce, Henderson, Bankson, Heyboer, Lane, Burleigh, Currier & Martinek* (by *Peter Shane Burleigh*), for the petitioners.

Before: SHEPHERD, P.J., and BRENNAN and L. P. BORRELLO,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCES

Am Jur 2d, Gifts §§ 16-35, 54-62.

See ALR Index under Bonds and Securities; Gifts.

PER CURIAM. This is an appeal as of right from a probate court order denying the petition of the co-trustees of the Emily Mensinger inter vivos trust for authority to distribute the proceeds of treasury bonds pursuant to the terms of the trust. The court awarded the proceeds to her estate. We reverse.

This case involves the disposition of Series E United States treasury bonds with a face value of $8,500, which were held by Emily Mensinger at the time of her death. The bonds, originally owned by her husband, passed automatically to Mrs. Mensinger as the pay-on-death beneficiary upon the death of her husband on September 12, 1986. Shortly thereafter, on October 14, 1986, Mrs. Mensinger revoked her will, executed the Emily Mensinger inter vivos trust, and delivered her entire estate to the trustees as the trust corpus. At the time the trust was executed, her estate consisted of the treasury bonds. During her lifetime, Mrs. Mensinger never changed the registration of the treasury bonds. Upon her death, the bonds were redeemed for $38,479.63 by the personal representative of the estate of Emily Mensinger.

On appeal, the petitioners argue that the proceeds of the treasury bonds should pass to the Emily Mensinger inter vivos trust, and not her estate. We agree.

In this case, we find that Mrs. Mensinger made a valid gift inter vivos of the treasury bonds to the Emily Mensinger inter vivos trust. To constitute a valid gift (1) the donor must intend to pass title to the donee, (2) there must be actual or constructive delivery, and (3) the donee must accept the gift. *Osius v Dingell,* 375 Mich 605, 611; 134 NW2d 657 (1965); *Stinebaugh v Bristol,* 132 Mich App 311, 316; 347 NW2d 219 (1984).

The record shows that Mrs. Mensinger intended

to pass title of the bonds to the trust, as provided in § 1.2 of the trust. Further, she delivered the treasury bonds in question to the trustees at the time the trust was executed. Finally, the co-trustees, upon executing the trust, acknowledged receipt of her entire estate, which consisted of the treasury bonds. Thus, a completed gift of the bonds to the trust occurred.

Notwithstanding the fact that United States Treasury regulations would not recognize any interest of the trust in the bonds, *In re Freedland Estate,* 38 Mich App 592; 197 NW2d 143 (1972), we note that these regulations simply state the party to whom the United States Treasury will pay the money. The regulations have nothing to do with who has a greater claim to the money once it has been paid to one party or another. Even though Mrs. Mensinger failed to change the registration of the treasury bonds or to designate a pay-on-death beneficiary, we believe that there was a completed transfer of the right to the money when the bonds were transferred to and received by the trust. Once that occurred, the trust had a greater right to the bonds as between the trust and the estate.

Reversed.