NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0638n.06

No. 11-1406

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Jun 18, 2012***

LEONARD GREEN, Clerk

| | |
|---|---|
| JAMES SMITH, et al., | ) |
| | ) |
| Plaintiffs-Appellants, | ) ON REVIEW FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| v. | ) THE EASTERN DISTRICT OF |
| | ) MICHIGAN |
| BANK OF AMERICA CORPORATION, et al., | ) |
| | ) |
| Defendants-Appellees. | ) |

**Before:** **KEITH, McKEAGUE, and DONALD, Circuit Judges.**

**PER CURIAM.** Appellants James Smith and Cynthia Brown-Smith (collectively, "the Smiths") appeal the district court's judgment granting Appellees Bank of America Corporation, Bank of America Home Loans, and BAC Home Loans Servicing, LP's (collectively, "the Bank") motion to dismiss. The Smiths also appeal the district court's order denying their motion for reconsideration. For the reasons that follow, we AFFIRM the district court's rulings.

## BACKGROUND

This appeal arises out of a foreclosure sale. On September 25, 2002, the Smiths obtained a loan to purchase property located at 8459 Pierson Street, in Detroit, Michigan. According to the Smiths' complaint, in June 2009, they began experiencing financial difficulties and contacted the Bank to apply for a modification to the loan. They allege that the Bank was receptive to their requested modification. They further allege that they sent the Bank the required documents, and that

the Bank assured them they would reschedule the foreclosure sale so that the Smiths would not lose their home. Despite this, the Smiths allege, in November 2009 the Bank went forward with the sale without notifying them. The Bank ultimately obtained the property. The Smiths did not redeem the property.

On September 16, 2010, the Smiths filed a complaint against the Bank in Wayne County Circuit Court. The action was removed to federal court based on diversity jurisdiction. The Smiths alleged that the Bank failed to modify the loan and, as a result, they lost their property in the foreclosure sale. In their complaint, they asserted several grounds for relief, including: (i) quiet title; (ii) unjust enrichment; (iii) innocent/negligent misrepresentation; (iv) fraud, based on silent fraud and bad faith promises; (v) constructive trust; and (vi) breach of Michigan Compiled Law §600.3205. The Bank filed a motion to dismiss for failure to state a claim upon which relief can be granted. In their response to the Bank's motion, the Smiths asserted additional causes of action based on (vii) implied breach of contract/promissory estoppel and (viii) intentional misrepresentation. The district court granted the Bank's motion to dismiss, finding that the Smiths had not stated their fraud claims and claims sounding in fraud with particularity as required by Federal Rule of Civil Procedure 9(b), and that their other claims failed under the Michigan statute of frauds. The Smiths filed a motion for reconsideration, which the district court denied as untimely.[1] This appeal followed.

---

[1]The Smiths filed their motion for reconsideration on March 7, 2011, more than 14 days after entry of the district court's judgment on February 14, 2011. It was thus untimely, and we affirm the district court. *See* E.D. Mich. LR 7.1(h)(1) ("[A] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order.")

**DISCUSSION**

We review de novo a district court's order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1991). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. We must assume that the plaintiff's factual allegations are true and and construe them in a light most favorable to the plaintiff to determine whether the complaint states a valid claim for relief. *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotations and citations omitted). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotation and citation omitted). Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer

3

more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. Rule Civ. Proc. 8(a)(2)). Thus, in sum, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679.

Additionally, Federal Rule of Civil Procedure 9(b) imposes a particularity requirement on fraud claims. To meet the particularity requirement, a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (internal quotation and citation omitted). Plaintiffs must, "at a minimum, . . . allege the time, place[,] and contents of the misrepresentation upon which they relied." *Id.* They also must allege facts from which it could be concluded that their reliance was reasonable. *See Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553-54 (Mich. Ct. App. 1999).

1. Fraud Claims

The Smiths' fraud claims, which include innocent misrepresentation, silent fraud, and bad faith promises, fail because they do not meet the pleading particularity requirements of Federal Rule of Civil Procedure 9(b).

A. *Innocent misrepresentation*

On appeal, the Smiths assert that they should be granted relief under Michigan law based on innocent misrepresentation. To recover on the claim, the Smiths must prove that they "justifiably relied to their detriment on information prepared without reasonable care by one who owed [the Smiths] a duty of care." *See Unibar Maint. Serv., Inc. v. Saigh*, 769 N.W.2d 911, 919 (Mich. Ct.

4

App. 2009). And to the extent their complaint sounds in fraud, they must meet Rule 9(b)'s pleading requirements at the outset. *See Hennigan v. Gen. Elec. Co.*, 09-11912, 2010 WL 3905770, at \*14 (E.D. Mich. Sept, 29, 2010) ("In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of the claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).") (citation omitted); *see also Indiana State Dist. Council of Laborers, et al. v.Omnicare, Inc.*, 583 F.3d 935, 942 (6th Cir. 2009).

In support of their innocent misrepresentation claim, the Smiths state that the Bank "made innocent and/or negligent representations of material facts by promising or representing that [the Bank] would modify the loan so that [the Smiths] could remain in their home"; that these "representations were false when they were made"; and that the Smiths "would not have entered into the loan modification process or short sale had they known that [the Bank] would not have consummated [the modification]."

The Smiths' innocent misrepresentation claim is, in essence, an allegation of fraud—they allege that the bank engaged in "a unified course of fraudulent conduct," and that fraudulent conduct resulted in the alleged misrepresentation. *Hennigman*, 2010 WL 3905770, at \*14. As such, the pleading must at least put the Bank on notice as to the time, place, and content of the alleged misrepresentations. *See* Fed R. Civ. P. 9(b); *Frank*, 547 F.3d at 570. The Smiths' complaint does not fulfill that requirement, and therefore it cannot withstand a Rule 12(b)(6) motion to dismiss.

What is more, to the extent the Smiths argue that the Bank orally promised to modify their loan, the claim is subject to the statute of frauds. Michigan's statute of frauds provides, in pertinent part, that "an action shall not be brought against a financial institution . . . unless the promise or

commitment is in writing and signed with an authorized signature by the financial institution."

Mich. Comp. Laws § 566.132. This includes promises or commitments "to lend money, [] to modify

[a loan], or permit a delay in repayment or performance of a loan, . . . [or] to waive a provision of

a loan." *Id.* Michigan courts have interpreted the provision liberally, instructing that the

"unambiguous" statute "preclude[s] *all* actions for . . . promises and commitments" that are based

on an oral promise. *Crown Tech. Park v. D & N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App.

2000). The Smiths base this claim, and the majority of their other claims, on the Bank's alleged oral

promise to modify their loan. The Smiths' complaint does not allege that any document exists that

would satisfy the statute of frauds; rather, at a hearing before the district court, they stated that they

believed the statute did not apply. In response to the Bank's motion to dismiss, however, the Smiths

alleged that they do, in fact, have such a document. Regardless whether the Smiths can satisfy the

statute of frauds, they have failed to plead this claim with sufficient particularity. Dismissal was

proper.[2]

B. *Fraud based on silent fraud and bad faith promises*

The Smiths also allege a claim of silent fraud. Again, they do not meet the pleading

requirements. In order to prove a claim of silent fraud, the Smiths must meet the normal Rule 9(b)

requirements, and must also "show that some type of representation that was false or misleading was

---

[2]We note, as the district court observed, that the Smiths' attorney has brought identical or nearly identical claims on behalf of other parties on at least two prior occasions. In both instances, the district court dismissed all of those plaintiffs' claims based on the statute of frauds. *See Bingham v. Bank of America, N.A.*, No. 10-11917, 2010 WL 3633925 (E.D. Mich. Sept. 14, 2010); *Williams v. JP Morgan Mort. Acquisition Corp.*, No. 09-12106, 2010 WL 1052356 (E.D. Mich. Mar. 19, 2012).

made and that there was a legal or equitable duty of disclosure." *M&D, Inc. v. W. B. McConkey*, 585 N.W.2d 33, 39 (Mich. Ct. App. 1998).

In support of this claim, the Smiths allege in their complaint that the Bank "failed to disclose to [the Smiths] their intention to go forward with the Sheriff Sale," and its "representations were false, when they were made, as [the Bank] did not intend to fulfill its obligations" to the Smiths. The Smiths further allege that they relied on the Bank's "assurances, statements, promises[,] and guarantees" relating to the loan modification and short sale. Finally, the Smiths allege that the Bank's "failure to disclose certain facts" caused them "to have a false impression," and that the Bank knew, or should have known, that its failure to disclose these "pertinent facts" would create a false impression.

The Smiths have failed not only to meet the basic Rule 9(b) requirements (such as identifying the time and place at which the Bank made the alleged statements), but also to allege facts that would indicate that the Bank had a legal or equitable duty to disclose any supposed misrepresentation. This claim, therefore, must fail as well.

2. Quiet title

The Smiths' quiet title claim is grounded in fraud and therefore must also satisfy Rule 9(b)'s pleading requirements.[3] Because the Smiths did not meet those requirements, their quiet title claim fails.

---

[3]Michigan law provides that "[a]ny person . . .who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims . . . [an inconsistent interest]" Mich. Comp. Laws § 600.2932(1). Plaintiffs have the burden of proof in an action to quiet title and must make out a prima facie case. *Stinebaugh v. Bristol*, 347 N.W.2d 219, 221 (Mich. Ct. App. 1984).

The Smiths allege that the Bank "intentionally" precluded them from entering into the loan modification and "knew or should have known" about the Smiths' attempts to modify their loan, or "had actual or imputed knowledge" about the Smiths' attempts. Despite various levels of knowledge, the Smiths argue, the Bank foreclosed the property without allowing the Smiths to modify their loans. There arguments amount to an attack on the foreclosure sale, and we may not set aside a foreclosure sale unless the Smiths establish "fraud, accident, or mistake." *Freeman v. Wozniak*, 617 N.W.2d 46, 48-9 (Mich. Ct. App. 2000).[4] The Smiths allege that the Bank committed fraud, in one form or another, leading up to the foreclosure proceeding, and their quiet title claim flows from that conduct. Because the quiet title claim is intertwined with the fraud claims, this claim also fails for failure to state a claim upon which relief can be granted. Phrased differently, if the Smiths are to make out a prima facie case of quiet title by claiming that the Bank acted fraudulently, they must plead fraud; here, for the reasons we have stated, they have not pleaded fraud properly. *See Hennigan*, 2010 WL 3905770, at *14.

3. Unjust enrichment

The Smiths also assert a claim of unjust enrichment, on which they can only succeed by proving that the Bank received and retained a benefit from the Smiths to the Smiths' detriment. *See Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993). In support of their claim, the Smiths allege that the Bank "intentionally designed to preclude" the Smiths from entering into

---

[4]Although the type of fraud necessary to vitiate a foreclosure usually relates "to the foreclosure sale itself," Michigan law recognizes that "where the owner has been induced to refrain from redeeming by fraudulent conduct and representations, equity will interpose and grant relief." *Ellison v. Wells Fargo Home Mortg., Inc.* No. 09-14175, 2010 WL 3998091, *4 (E.D.Mich. Oct. 10, 2010)

8

a loan modification. They allege that the Bank "knew or should have known" or had "actual or imputed knowledge" of the Smiths' situation. Further, the Smiths allege that the Bank "assured" them and their representative that the Bank would reschedule the foreclosure sale so that the Smiths "would not lose their home." This assurance, the Smiths claim, caused the Bank to be unjustly enriched in the amount of $25,000, plus resulted in the Smiths' loss of the property. Thus, as the Smiths' argument goes, the Bank defrauded them into thinking that the loan would be modified, and the Bank was unjustly enriched as a result of that fraudulent representation. The unjust enrichment claim is, like the quiet title claim, grounded in fraud because it is inextricably tied to what the Smiths say was the Bank's "unified course of fraudulent conduct" concerning the loan modification. *Hennigan*, 2010 WL 3905770, at *14. The Smiths have failed to plead this claim with sufficient particularity. They have not, for instance, alleged where and when the fraudulent statements were made. *Frank*, 547 F.3d at 570. The Smiths' unjust enrichment claim does not meet even the minimum requirements, and therefore it fails. *Id.*

4. Implied breach of contract/Promissory estoppel

In response to the Bank's motion to dismiss, the Smiths alleged a breach of implied contract (presumably a "contract" regarding the loan modification) and asserted a count of promissory estoppel. The district court found that they failed to state a claim under either theory. We agree.

"The essential elements of a contract are parties competent to contract, a proper subject matter, legal consideration, mutuality of agreement, and mutuality of obligation." *Mallory v. City of Detroit*, 449 N.W.2d 115, 118 (Mich. Ct. App.1989) (citation omitted). "An implied contract must also satisfy the elements of mutual assent and consideration." *Id.* But, as the district court observed, the Smiths allege no facts that would support a breach of implied contract. *See Brian J.*

9

*Altman & Assocs., P.C. v. Foot and Ankle Health Ctrs., P.C.*, No. 08-CV-10810-DT, 2008 WL 4585123, at *5 (E.D.Mich. Oct. 14, 2008) (finding implied contract sufficiently pled partly because, "[t]he pleadings adequately set forth facts which, if proven, establish a course of conduct sufficient to sustain a cause of action for breach of implied contract," such as "a series of negotiations and good faith efforts between parties") (citing *Sutton v. Cadillac Area Public Schs.*, 323 N.W.2d 582, 585 (Mich. Ct. App. 1982) ("A contract is implied in fact where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction.")).

Regarding promissory estoppel, the Smiths merely recite the elements of the cause of action. (*See* Appellant's Br. at 14.) A complaint so meager does not suffice. *See Twombly*, 550 U.S. at 545 ("A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *Meridia Prods. Liab. Litig. v. Abbott Labs.*, 447 F.3d 861, 868 (6th Cir. 2006).

5. Constructive Trust

The Smiths also alleged a "claim" of constructive trust; however, a constructive trust is a remedy, not a cause of action. That count therefore cannot survive. *See Gaymar Indus., Inc. v. FirstMerit Bank, N.A.*, 311 F. App'x 814, 817 (6th Cir. 2009) ("[T]here is no stand-alone claim for constructive trust; instead it is a *remedy* that can only be imposed where there is some ground . . . upon which equity will grant relief.") (internal quotation and citation omitted) (emphasis in original); *Crosby v. Bowater Inc.*, 382 F.3d 587, 594 (6th Cir. 2004) (stating that constructive trust is an equitable remedy).

6. Breach of Michigan Compiled Law §600.3205(c)

Finally, the Smiths allege that the Bank violated Michigan Compiled Law §600.3205(c) when it failed to modify the Smiths' loan. Their complaint summarily alleges: "[T]he Defendants failed to follow MCL 3205(c) in that the Defendant[s] failed to modify Plaintiffs' mortgage." On appeal, the Smiths argue that the Bank failed to complete the loan modification process in accord with the statute, denied the Smiths a loan modification, and "failed to provide [the Smiths] a copy of any calculations" the Bank made and a "copy of the program."

Michigan Compiled Law §600.3205(c) provides, in relevant part, that "if a borrower has contacted a housing counselor . . . but the process has not resulted in an agreement to modify the mortgage loan, the borrower, housing counselor, mortgage holder, or mortgage servicer shall calculate a modified payment amount." Mich. Comp. Laws §600.3205(c). The mortgage holder or servicer then "shall provide the borrower with a copy of any calculation made" under the law. (*Id.*) If, subsequent to this process, a mortgage holder or servicer "begins foreclosure proceedings . . . in violation of [§ 600.3205(c)], the borrower may file an action . . . to convert the foreclosure proceeding into a judicial foreclosure." (*Id.*)

To the extent the Smiths allege that the Bank engaged in fraudulent conduct, they have failed to satisfy the particularity requirements. But even independent of fraud, the Smiths' claim fails because it does not allege facts that would trigger a cause of action under §600.3205(c). For example, the Smiths do not allege that they contacted a housing counselor and completed "the process." *See id.* As we have observed, "[i]t is not sufficient for a party to mention a possible argument in a most skeletal way, leaving a court to . . . put flesh on its bones." *Meridia*, 447 F.3d at 868. Moreover, the Smiths appear to have missed the boat regarding the applicability of this

11

statute which, when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert. *See* Mich. Comp. Laws §600.3205(c). This claim also fails.

## **CONCLUSION**

For the foregoing reasons, we AFFIRM the district court's decision to grant the Bank's motion to dismiss, as well as its decision to deny the Smiths' motion for reconsideration.