**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0078n.06

**No. 12-1371**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MILDRED BOWDEN, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | *Jan 17, 2013* |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | ON APPEAL FROM THE UNITED |
| SERVICING, INC., DEUTSCHE BANK | ) | STATES DISTRICT COURT FOR THE |
| NATIONAL TRUST COMPANY, as | ) | EASTERN DISTRICT OF MICHIGAN |
| Indenture Trustee for the American Home | ) | |
| Mortgage Investment Trust 2007-I Mortgage- | ) | |
| Backed Notes and Grantor Certificates, aka | ) | |
| Deutsche Bank, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: GUY, SUTTON, and COOK, Circuit Judges.

COOK, Circuit Judge. Mildred Bowden appeals the district court's dismissal of her Second Amended Complaint, which alleged that defendants American Home Mortgage Servicing, Inc. ("American Home") and Deutsche Bank National Trust Company ("Deutsche Bank")[1] violated federal and state law by commencing a non-judicial foreclosure of her home. We AFFIRM.

---

[1]As the district court explained, Bowden misidentified numerous entities as the "Deutsche Bank" defendant in this case, and then sought to defeat Deutsche Bank National Trust Company's motion to dismiss with her own defective process. Yet, the parties appear to agree that Bowden intended to sue this Deutsche Bank entity, which claims to have held the note and mortgage at the beginning of the foreclosure, and the district court found that it waived its deficient-process defenses.

Bowden raises three primary arguments on appeal: (1) that her failure to contact a housing counselor as prescribed by Michigan Compiled Laws § 600.3205b does not defeat her loan modification claims; (2) that the district court should have granted leave to file a Third Amended Complaint, where she would allege that Deutsche Bank lacked standing to foreclose on her home; and (3) the district court should have granted rehearing of its denial of leave to amend. The first two arguments lack merit, and we lack jurisdiction to consider the last.

First, Bowden disputes the district court's conclusion that Michigan's loan-modification remedies required her to contact a housing counselor. During the relevant time period, § 600.3205b(1) stated that borrowers "who wish[] to participate in [loan modification] negotiations . . . shall contact a housing counselor from the list provided under section 3205a within 14 days after the list [of housing counselors] is mailed to the borrower." *See also* Mich. Comp. Laws § 600.3205c(1) (West 2009) (presuming that the borrower "has contacted a housing counselor under section 3205b," and providing an alternative loan-modification remedy if that "process has not resulted in an agreement to modify the mortgage loan"). Yet, instead of following this procedure, Bowden retained counsel to conduct her loan-modification efforts. Contrary to her suggestion, the courts that reviewed this provision held that its mandatory language means what it says—that the borrower *shall* contact a housing lender within the time prescribed in order to trigger the statute's legal remedies. *E.g.*, *Vasilakis v. Trott & Trott, P.C.*, No. 306122, 2012 WL 5854363, at *4 (Mich. Ct. App. Nov. 15, 2012); *Goss v. ABN AMRO Mortg. Grp., LLC*, No. 12–cv–11158, 2012 WL 5986783, at *9 (E.D. Mich. Nov. 29, 2012); *see also Smith v. Bank of Am. Corp.*, No. 11-1406, 2012

No. 12-1371
*Bowden v. Am. Home Mortg. Servicing, Inc.*

WL 2301645, at *6 (6th Cir. June 18, 2012) (per curiam) (affirming dismissal of loan modification claim under § 600.3205c, where plaintiffs did not contact a housing counselor and complete the statutory process).

Bowden argues that strict application of this requirement runs contrary to the legislative purpose of "provid[ing] an efficient and inexpensive method by which a distressed borrower could . . . obtain a [mortgage] modification." We note that the Michigan legislature has since allowed borrowers to deal directly with lenders under the statute. Mich. Comp. Laws § 600.3205b(1), *as amended by* 2011 PA 302 (applying change to foreclosure proceedings for which notice is first sent on or after February 1, 2012). But it did not apply this change retroactively, *e.g.*, *Vasilakis*, 2012 WL 5854363, at *4 & n.2, and Bowden offers no authority for abandoning the statutory process applicable to her foreclosure. Instead, she claims that American Home consented to the modification efforts of her attorney, citing its response to her modification proposal that requested additional documentation. But she fails to explain how American Home's willingness to negotiate her loan-modification proposal overrides *her* failure to comply with the counselor prerequisite so as to expose American Home to liability. Finding no error with the district court's application of § 600.3205b(1), we affirm its dismissal of the loan modification claims.

We likewise find no abuse in the district court's denial of leave to file a third amended complaint. Bowden seeks to introduce a claim that Deutsche Bank lacks standing to pursue non-

judicial foreclosure of her home, asserting an invalid assignment of the mortgage in January 2010.[2]

The court denied her informal request, which failed to comply with the district's local rules, because

Bowden "ha[d] not provided any factual or legal support for th[e] claim." These deficiencies, in

addition to its untimeliness, led the court to characterize the request as "another example of . . . [a]

'moving target' approach to litigation" that "unduly delays the proceedings" and "causes significant

prejudice to [the defendant] who is forced to defend against an ever-changing array of charges."

Rather than address the district court's reasoning, Bowden details the complex history of her

mortgage and repackages this claim anew. She overlooks, however, her repeated failure to include

these allegations in the requests to amend she filed in August and November 2011. The district court

noted this omission in rejecting her first foray (designated a "Motion for Leave to File an Amended

Response and Sur Reply") in September 2011, but Bowden waited until her untimely March 2012

motion for rehearing to offer the factual allegations supporting her theory of the claim. She failed

to explain to the district court her delay in bringing this claim, and she offers none now. The district

court did not abuse its discretion in denying Bowden's dubious requests for leave to amend.

Still, Bowden asserts that the court should have allowed amendment after she detailed the

essentials of the claim in her motion for rehearing. She failed, however, to file a notice of appeal

from that decision, prompting appellees' claim that we lack jurisdiction to review it. *See* Fed. R.

App. P. 3(c)(1)(B) (requiring the notice of appeal to "designate the judgment, order, or part thereof

---

[2]Bowden also sought to include a federal claim under the Home Ownership and Equity
Protection Act in her request to amend, but abandons that potential claim on appeal.

being appealed"), (4)(a)(4)(B)(ii) (requiring parties appealing rulings on post-judgment motions to "file a notice of appeal, or an amended notice of appeal"); *United States v. Universal Mgmt. Servs., Inc.*, 191 F.3d 750, 757 (6th Cir. 1999) (finding no jurisdiction to review issues raised in a motion for reconsideration where the notice of appeal addressed only the district court's summary judgment rulings). Bowden's notice of appeal designated only "the Opinion and Order granting Defendant American Home's motion to dismiss; granting Defendant Deutsche Bank's motion to dismiss; and denying Plaintiff Bowden's request for leave to file a third amended complaint, entered in the above captioned proceedings on the 27th day of February 2012." Inasmuch as Bowden's March 2012 motion for rehearing relied on information wholly absent from her original requests for leave to amend—and thus presented a new claim not included in her original notice of appeal—we agree. *See Caudill v. Hollan*, 431 F.3d 900, 906 (6th Cir. 2005) (constraining *Universal Management Services*' rule, noting that "[t]o the extent that the post-judgment motions relate to issues raised before judgment, the appellate court will deal with them anyway"). And even if we had jurisdiction, the district court did not abuse its discretion in denying Bowden's earlier unspecified requests for leave to amend. As noted above, Bowden does not challenge the district court's reasons for denying leave to amend—vagueness, futility, undue delay, and prejudice.

Undeterred, Bowden appears to treat her attack on the January 2010 mortgage assignment as a live claim, asking us to "reverse" the district court's dismissal of her Second Amended Complaint. Styled as Issue II in her brief, Bowden details the various assignments of her mortgage and the bankruptcy of her original lender—the same factual allegations she restates in Issue III in

No. 12-1371
*Bowden v. Am. Home Mortg. Servicing, Inc.*

seeking leave to *include* a claim challenging Deutsche Bank's standing to foreclose on her property.

She makes no effort to link the facts in Issue II to a claim in her Second Amended Complaint, an

argument in Deutsche Bank's motion to dismiss, or the judgment now appealed.

 We AFFIRM.